## Limestone Township Road.

*Road law—Viewers—Change or vacation of road—Improper relocation of road—Report of viewers.*

Where viewers are appointed "to inquire of and to change or vacate the whole or any part" of a public road, their view must be in the alternative. Their report must favor and recommend either a change in the road or the vacation of it, or reject both.

Where the report of viewers recommends the vacation of a part of a road, and the relocation of the portion vacated, the part of the report relating to the relocation may be regarded as surplusage, and the portion relating to the vacation may be confirmed.

Argued March 6, 1917. Appeal, No. 10, March T., 1917, by J. C. Benfield, from order of Q. S. Montour Co., June T., 1914, No. 1, dismissing exceptions to and confirming report of viewers In re Road in Limestone Township. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition to vacate public road.

From the record it appeared that the viewers reported not only in favor of vacating the road, but also in favor of relocating it.

The following exception, inter alia, was filed to the report:

"That the said viewers exceeded their authority by not only vacating the road in question, but by laying out an entirely new road not any part of the road which they were appointed to view."

The court overruled the exception, EVANS, P. J., filing an opinion which was in part as follows:

"The viewers were appointed for the purpose of determining but the single question, whether or not the partially opened road should be changed or vacated. They determined it should be vacated and relocated the portion of the road vacated at the time this partially opened road was laid out. That part of their report may be regarded as surplusage. They were only appointed to change or vacate, not to relocate, the portion of the road which had been vacated. There was no occasion for their doing it and it is of no consequence that they did it, for the old road, the part vacated when the partially opened road was laid out, remained until a new road was actually opened and permanently established."

105, (1917).] Assignment of Errors—Opinion of the Court.

*Errors assigned,* among others, were (8) portion of opinion as above, quoting it, and (9) order confirming absolutely the report of the viewers.

*H. M. Hinckley,* for appellant.—The court must take the report of the viewers as it comes to it and cannot confirm one part and disregard another part.

It was held by this court, in Plainfield, Etc., Washington Twp. Road, 56 Pa. Superior Ct. 479; Pike Twp. Road, 30 Pa. Superior Ct. 644.

*W. H. Hackenberg,* with him *Ralph Kisner* and *R. Scott Ammerman,* for appellee.—It was not error to treat the portion of the report relating to the relocation, as surplusage: Schuylkill County's App., 38 Pa. 459; O'Hara Twp. Road, 87 Pa. 356; Whitley Road, 2 Mona. Rep. 194; Jackson Twp., 9 Pa. 85.

OPINION BY HEAD, J., July 13, 1917:

A neighborhood difference of opinion or interest ·as to the proper location of about one hundred rods of a township road has been productive of continuous litigation for now almost ten years. The proceeding was instituted in the Quarter Sessions in 1908, and the bare docket entries of the various appointments of viewers, reviewers, reports, exceptions, etc., occupy six printed pages of the paper book. On April 8, 1916, the Court of Quarter Sessions dismissed the exceptions to the last report of viewers filed and confirmed that report. We now have this appeal.

As the learned judge in his opinion declares, "The proceeding is under the Act of May 3, 1855." That act authorizes the several Courts of Quarter Sessions "to inquire of and to change or vacate the whole or any part of any public or private road which may have been laid out by authority of law and opened in part," etc. We may agree with the learned counsel for the appellant that under the authority of Road in McCandless Township, 110 Pa. 605,

the view must be in the alternative. That is to say, the report must favor and recommend either a change in the road or the vacation of it, or reject both. The viewers are not given authority to do both. The petition may therefore with propriety ask the court to appoint viewers authorized to do either one of the alternative things mentioned in the statute or may ask that the viewers be authorized to examine the propriety of doing the one of those two things which the petitioners desire to have done.

In the present case the report of the viewers recommended the vacation of a part of the road in question and, in the belief that its supply by a relocation was within their power, made a further recommendation for the supply of the portion vacated. The learned court below, in his opinion, disposed of the matter in this way: "The viewers were appointed for the purpose of determining but the single question whether or not the partially opened road should be changed or vacated. They determined it should be vacated, and relocated the portion of the road vacated at the time this partially opened road was laid out. That part of their report may be regarded as surplusage. They were only appointed to change or vacate, not to relocate the portion of the road which had been vacated. There was no occasion for their doing it, and it is of no consequence that they did it, for the old road, the part vacated when the partially opened road was laid out, remained until a new road was actually opened, and permanently established." Having thus practically stricken from the report the portion of it properly denominated as surplusage, the learned judge confirmed the report and thus the portion of the road in dispute was legally vacated. That the learned court was acting within the powers long since recognized as existing in such court there can be little doubt.

In Schuylkill County's App., 38 Pa. 459, the viewers, whose report had been confirmed by the Quarter Sessions, were appointed to assess damages. Having done

that, they further went into the question of the proper location of the road. Mr. Justice THOMPSON, speaking for the court, said: "The duty of the viewers is to deal with the question of damages. The question of location is not within their jurisdiction. They are to assess the damages done in opening the road complained of. Anything else in their report is coram non judice, and need not be regarded; and is for this reason neither conclusive in law nor fact, or any evidence whatever." In re Road in O'Hara Township, 87 Pa. 356, Mr. Justice WOODWARD said: "In directing the payment by the petitioners of the damages assessed and reported, the viewers exercised a power which the law had not conferred on them...... After assessing damages, the viewers were required to 'make report thereof,' and 'return the same, together with all releases obtained, to the proper court.' They were not authorized to direct how, when or by whom the damages should be paid. Their mistake, however, was not necessarily fatal to the report. The imposition of damages upon the petitioners could have been treated as surplusage and set aside."

We are satisfied therefore the form of the report in the present case did not preclude the Quarter Sessions from disregarding that portion of it wherein the viewers had overstepped their jurisdiction and at the same time confirming the report thus modified. The assignment of error complaining of that action of the court is overruled.

We do not feel we could add anything to the sum total of professional knowledge in relation to the road laws of the Commonwealth by a detailed discussion of the remaining assignments. It is sufficient to say they disclose no reversible error and they are all overruled.

The order or decree of the Court of Quarter Sessions confirming the report of the viewers is affirmed and the appeal dismissed at the cost of the appellant.