## In re Morrison Street

*Thomas Garvey*, for board of road supervisors.

*Thomas P. Hevers*, for abutting property owners.

EAGEN, J., January 11, 1952.—The Board of Commissioners of Fell Township, Lackawanna County, after minutely following the procedure set forth in the Act of July 10, 1947, P. L. 1481, and amendments, voted to vacate a short piece of a public road known as Morrison (or Mill Street) in that community. A report of this action was duly filed with the clerk of the quarter sessions court. Several owners of property abutting upon the road involved immediately filed exceptions to the report and petitioned the court for a review. With these exceptions, we are now concerned.

For the purpose of gaining any possible further information to aid the court in disposing of this issue, the county board of viewers were appointed to review the situation and report to the court.

The Statute of 1947, supra, gives the township supervisors the authority to vacate any road or part thereof within the township on their own initiative if in their judgment, it is necessary for the public convenience. It will be noted that the power and authority to so act is now wholly vested in the authorities of the township.

"The township supervisors, in exercising the powers thus conferred, stand in the place or position of a board of viewers under the General Road Law": In re Vacation of Road in Middle Creek Township, 68 D. & C. 559.

Our task and jurisdiction as we interpret the statute, is limited to see that all procedural requirements are regular and followed through and that there is no abuse of discretion or misconduct on the part of the municipal authorities. It is not the court's prerogative to administer the business or affairs of the township.

There is no question but that here all procedural requirements were fully met. The only issue for decision is whether or not, in directing that the road be vacated, the township supervisors exceeded their authority in view of all the circumstances as disclosed by the record. It is the unanimous opinion of the judges of this court that they did not.

The supervisors found as a fact after public hearing that the road involved was "useless, inconvenient and burdensome and it is necessary for public convenience to vacate." While there are differences of opinion, there is evidence to sustain this finding. The wisdom or expediency of those charged with this responsibility is not for us to say. The motive of the supervisors

544

ʿdoes not defeat their action if otherwise legal and according to law.

Undoubtedly, the values of the land and improvements of the aggrieved property owners will be impaired due to the fact that the street upon which their homes front will henceforth be a "dead end" street. The legislature provides for the assessment and payment of damages in such an instance and their rights in this regard will be fully protected in proceedings set up for that purpose.

Therefore, January 11, 1952, the exceptions filed on July 16, 1951, to the supervisors' report to the above term and number are dismissed and the action of the supervisors is affirmed.