## Vacation of Township Road No. 334

*Christian R. Gingrich*, for exceptants.

*L. E. Meyer*, contra.

EHRGOOD, P. J., July 19, 1956.—This matter is before the court on exceptions to the report of a board of viewers duly appointed by the court of Quarter Sessions of Lebanon County in the matter of the vacation of Township Road No. 334, extending from Township Road No. 332 to Pennsylvania Highway route no. 38045 at Syner Bridge, in North Londonderry Township, Lebanon County.

Said board of supervisors by its counsel also moved the court that the order appointing said board of viewers be vacated and stricken from the records of said court for the reason that the viewers, aforesaid, acted without legal authority and in direct violation of the law.

The following facts appear from the pleadings and evidence submitted as therein held by the board of supervisors and also the board of viewers:

1. On March 31, 1952, proceedings were initiated by the Supervisors of North Londonderry Township, a second class township of Lebanon County, to vacate a township road in pursuance of the provisions of sections 1101 and 1102 of the Second Class Township Law of July 10, 1947, P. L. 1481, sec. 1102, as amended by the Act of May 24, 1951, P. L. 370.

2. The township supervisors took preliminary action leading to the vacation of the said township road pursuant to the above mentioned statutory law. Registered mailed notices were sent to the property owners abutting on the roads to be vacated, and a public hearing was held thereon on April 21, 1952, at which time objections were made to the vacating of Township Route No. 334, one of the roads proposed to be vacated. At a regular meeting of the supervisors on April 30, 1952, that board by the action of a majority of its members decided to vacate the roads involved and conditioned that a report be filed in the office of the Clerk of Quarter Sessions of Lebanon County, which report was filed on June 6, 1952.

3. Exceptions to the report of the action of said board were filed by Jay Krady and William K. Bowman on June 21, 1952, and exceptants petitioned the court of quarter sessions to appoint viewers to review the action of the board of supervisors, whereupon the court appointed a board of viewers for said purpose.

4. Township Route No. 334 in North Londonderry Township, aforesaid, is a dirt road providing a highway for travelers from Palmyra and that region to Syner and North Annville Township, Lebanon County. The length of the road sought to be vacated is six-tenths of a mile.

5. An alternate route is available, being Township Route No. 332, which alternate route is scheduled to be improved by the township supervisors in the near future; travelers between Palmyra and Syner using the alternate route will be required to travel a distance estimated at eight-tenths of a mile to one and three-tenths miles further than the distance traveled over Route No. 334 between these points.

6. Township Route No. 334 has been maintained as a public road for some years past, the work done thereon consisting of scraping the road and gutters twice a year.

7. There are a substantial number of users of the road sought to be vacated. No figures obtained from a traffic count made before or after the action of the supervisors were submitted by either party.

8. The vacating of Township Route No. 334 will deprive one property owner of any direct access from his land to any public highway and will require another property owner to construct a new access road from his farm buildings to the other highway.

9. The vacating of Township Route No. 334 will subject the authorities of North Londonderry Township to liability for substantial damages to the property owners who will be affected by the vacating of this road as a public highway.

10. After the viewers viewed the locality and course of the road proposed to be vacated, and the premises affected thereby, and after considering the testimony offered in hearing on the matter, the viewers were of the opinion that the report and action of the board of supervisors of said township in the matter of the vacating of Route No. 334 be reviewed by the court and recommended that the action of the board of supervisors be reversed and that the said Route No. 334 be continued as a public highway. Said report of

said board of viewers was presented to the court and directed to be filed in said proceeding on May 4, 1954.

There was also filed a petition signed by 60 users of said Road No. 334 for many years, and recommending that said road be kept open as a public road for public use.

On July 2, 1952, exceptants, Krady and Bowman, pursuant to an order of this court, entered into a bond with sureties, in the sum of $250, to indemnify said supervisors for costs incurred. The viewers, after being sworn, and giving notice as required by law, viewed said Township Route No. 334 on November 17, 1953, and subsequently met for the purpose of hearing testimony on December 28, 1953. At said hearing two of said township supervisors with their counsel, also exceptants, Bowman and Krady, with their counsel, were present. From the testimony offered at said hearing, the following appears:

That the board of supervisors of North Londonderry Township on March 31, 1951, passed a resolution providing for the vacation of three sections of township road within the limits of said township; preliminary notice was sent by registered mail to the property owners abutting on the route of the roads proposed to be vacated, notifying them of the proposed action and of a public meeting to be held on April 21, 1952. Exceptants and other protestants were present at said public meeting and stated their position; thereafter, on April 30, 1952, at a regular meeting of the board of supervisors, a motion was passed and adopted providing for the vacating of three roads in question, including Township Route No. 334, and that a report of the said action be filed in the Court of Quarter Sessions of Lebanon County; on June 6, 1952, said report was duly filed in said court; on June 21, 1952, exceptions, upon which this proceeding was

134

based, were filed in said court, whereupon the court appointed viewers as aforesaid.

A number of witnesses appeared before the viewers and testified to the need and the use of said Road No. 334; exceptant, Krady, testified, inter alia, that Route No. 334 provided the only means of ingress and egress by public highway to his farm situate along the route of this road; other witnesses testified the vacating of said road would increase the distance they would be compelled to travel over alternate routes by a distance of one-eighth of a mile to one and three-tenths miles, including roadway that was narrower; the petition, hereinbefore referred to, signed by 60 persons, was received by the viewers protesting against the action of the supervisors in vacating said road and requesting the same be kept open for public use; a letter from the Palmyra-Lebanon County Automobile Club was received, that stated that that organization was opposed to the closing of said road; objections were made to the receipt or consideration of this petition, and letter, as evidence, and the same were made a part of the record but not considered by the viewers in weighing the evidence.

Other witnesses introduced on behalf of the board of supervisors testified that the mileage to be vacated of Route No. 334 was six-tenths of a mile, that it was unnecessary for the convenience of the traveling public to continue to maintain this road as a public road in view of the fact that an alternate and nearby route, Township Route No. 332, had been selected for improvement for use by school buses and mailmen and that there were a greater number of users and property owners located on Route No. 332; after the conclusion of said hearing, counsel for the supervisors argued that this court had no jurisdiction to appoint viewers or to review the action of the supervisors, and that the function of the court on appeal is limited

to seeing that all procedural requirements have been met and that there has been no abuse of discretion or misconduct on the part of the supervisors; counsel for exceptants contended that it has been the accepted procedure for courts to appoint viewers to review proceedings and make report to the court so that the court may be fully informed before final action upon the report of the viewers. Citing the Second Class Township Code, and the amendment to section 1102 thereof, as enacted by the Act of May 24, 1951, P. L. 370, wherein it is specifically provided that a court of quarter sessions shall appoint viewers from the county board of viewers for the purpose of review.

On February 27, 1956, counsel entered into the following stipulation:

"It is hereby stipulated and agreed by and between Christian R. Gingrich, Esquire, on behalf of the Supervisors of North Londonderry Township and L. E. Meyer, attorney for William K. Bowman and Jay Krady, that the court dispose of the Rule to show cause why the report of the Viewers should not be set aside, shall pass upon the merits of the case and the jurisdiction of the Viewers with the same force and effect as if a Motion to Vacate had been filed and all proper procedure complied with, and that the action of the court shall be final with reference to the merits of the case and the jurisdiction of the court."

### Discussion

Counsel for supervisors contends that the Act of July 10, 1947, P. L. 1481, as amended, gives the township supervisors authority to vacate any road or part thereof within the township, and the function of the court on appeal from any action is therefore limited to seeing that all procedural requirements have been met, and that there has been no abuse of discretion or misconduct on the part of the supervisors.

Counsel for supervisors cites the following cases: In re Morrison Street, 80 D. & C. 542 (1952) ; Commonwealth v. Booth et al., 77 D. & C. 143 (1951) ; In re Road in Londonderry Township, 77 D. & C. 145 (1950) ; In re Road in Milford Township, 78 D. & C. 79 (1951) ; In re Public Road in Dallas Township, 75 D. & C. 44 (1950), as authority for the legal proposition that viewers on appeal from the action of supervisors, in vacating roads, are limited to determining whether or not the procedural requirements have been met or whether there is any evidence to sustain the supervisors' findings, and since there is no report of failure in either respect, the decision of the supervisors must stand. The Act of 1947, as amended, vests the authority and responsibility for vacating township roads upon the elected representatives of the people who are presumed to be more familiar with the public need in the particular community than are the courts.

Counsel for the freeholders contends that the Act of May 24, 1951, P. L. 370, is controlling, and not the Act of July 10, 1947, as amended May 2, 1949, P. L. 819, as argued by counsel for the supervisors.

Section 1101 of said Act of 1947 provided, inter alia, that township supervisors of the second class may enact, ordain the vacating of roads wholly within the township upon the petition of a majority in interest of the owners of properties, or without the petition of owners, if in the judgment of the supervisors it is necessary for the convenience of the public. Before the supervisors of their own action can vacate such roads, it must be necessary for the public convenience before the supervisors may so act. Section 1102(a) provides for the procedure to be followed for a hearing. Section (b) of 1102 provides for the making of a written report and filing a draft of the survey of the road and the names of the owners of property through

which the road passes with the clerk of the court of quarter sessions. Section (c) provides:

"Any citizen or freeholder of the township may, within thirty days after the filing of the report of the supervisors, upon entering in the court sufficient surety to indemnify them for all costs incurred in the proceedings, file exceptions to the ordinance, together with a petition for a review."

Section (d) provides for the filing of the exceptions after favorable action of the supervisors, or upon the disposition of the exceptions after the parties have not agreed upon the damages or benefits accruing and further provides for the appointment of three viewers from the county board of viewers to assess the damages and benefits. However, the Act of May 24, 1951, P. L. 370, 385, amended section 1102 of the Second Class Township Code, paragraph (c), by adding the following sentence: "Thereupon, the court of quarter sessions shall appoint viewers from the county board of viewers for the purpose of the review."

While counsel for the supervisors contends that the Act of July 10, 1947, P. L. 1481, as amended May 2, 1949, P. L. 819, is controlling in this proceeding, it clearly appears to the court that the Act of May 24, 1951, P. L. 370, was applicable law at the time the supervisors took action to vacate the road in question.

The report of the supervisors makes no finding that the vacation of Road No. 334 was necessary for the public convenience. Paragraph 4 of said report stated that the supervisors at a regular meeting held April 30, 1952, after considering elements for and against vacation, voted unanimously in favor of the adoption.

The supervisors contend that the Act of 1947, P. L. 1481, sec. 1101, changed the procedure for vacating township roads by providing, inter alia, that the township supervisors may enact or ordain the vacating of township roads wholly within the township, upon the

petition of a majority in interest of the owners of properties, or without the petition of the owners if in the judgment of supervisors it is necessary for public convenience. Section 1102(a) provides for the procedure to be followed for the hearing. Section (b) provides for the making of a written report and filing a draft of the survey of the road and the names of the owners of the property through which the road passes with the clerk of the court of quarter sessions. Section (c) provides:

"Any citizen or freeholder of the township may, within thirty days after the filing of the report of the supervisors, upon entering in the court sufficient surety to indemnify them for all costs incurred in the proceedings, file exceptions to the ordinance together with a petition for a review."

Section (d) provides for the filing of the exceptions after favorable action of the supervisors or upon the disposition of the exceptions if the parties have all agreed upon the damages or benefits accruing, and further provides for the appointment of three viewers from the county board of viewers to assess the damages and benefits.

However, the Act of 1951, P. L. 370, 385, sec. 1102 (c), amended the former act by adding the following sentence: "Thereupon, the court of quarter sessions shall appoint viewers from the county board of viewers for the purpose of the review".

As heretofore indicated, notwithstanding the provisions of section 1102, paragraph (c), that the sole purpose of viewers is to determine whether or not procedural requirements have been met, and whether there was any evidence to sustain the supervisors' findings, in In Re: Morrison Street, 80 D. & C. 542, decided January 11, 1952, the court held, inter alia, that the township supervisors have the authority to vacate a road on their own initiative and that such power was

wholly vested in the authorities of the township, and that the court's task was limited to see that the procedural requiremens were regular. The other cases cited and relied upon by the supervisors, namely: Commonwealth v. Booth et al., 77 D. & C. 143; In Re Road In Londonderry Township, 77 D. & C. 145, decided December 26, 1950; In Re Road In Milford Township 78 D. & C. 79, decided October of 1951, were all decided prior to the Act of May 24, 1951, supra.

The freeholders' exception to the report of the viewers alleged that the vacation of the road was not necessary for the public convenience, and that said report nowhere indicates that it was done because of necessity of the public convenience. In the case of In Re Vacation of Road in Middlecreek Township, 68 D. & C. 559, at 567, the court held, inter alia:

"The township supervisors, in exercising the powers thus conferred, stand in the place or position of a board of viewers under the General Road Law. It should have found as a fact, and set it forth in their report as the reason for vacating the road in question, that the road was 'useless, inconvenient or burdensome', or unequivocally in the language of the act that 'it is necessary for public convenience' so to vacate: citing In Re Vacation of Spur of Springmill Road, 22 Lehigh 185. The finding and statement of such fact is a jurisdiction prerequisite to the authority of the supervisors to vacate the road in controversy".

In the analogous case, in Herrington's Petition, 266 Pa. 88, 93, which involves the First Class Township Law of June 7, 1901, P. L. 510, where the provisions were in many respects similar to those of the Second Class Township Code, as amended, inter alia, it was held:

"While the preliminary procedure is before the township commissioners instead of the court of quarter ses-

sions, that court has a revisory control upon exceptions . . . and may order a review 'in conformity with the now existing road laws of this Commonwealth' ''.

In Herrington's Petition the question to be determined arose out of said Act of June 7, 1901, wherein the commissioners of the townships of the first class were authorized to enact, vacate and relay all roads, streets, lanes and alleys within the township. The wording of the act was similar to the provisions of the Act of 1947, as amended in 1951. Under said Act of 1901, the board of commissioners was required to give 10 days' notice to property owners affected, of a hearing, and further provides that after hearing, if the prayer of the petition is granted, a written report, with a draft of the survey, etc., should be filed in the office of the clerk of quarter sessions of the county wherein said township is situated, and further provides that any citizen or freeholder may, within 30 days after the filing of the report, upon entering in said courts sufficient surety to indemnify the board of costs incurred in the proceedings, file in said court exceptions to said report, together with a petition for the review, in conformity with the now existing road laws of this Commonwealth.

Justice Kephart, in Herrington's Petition, supra, held, that while the preliminary procedure is before the township commissioners instead of the court of quarter sessions, the court has a revisory control upon exceptions and may order a review, but as no exception was made to the taking, the authority of the commissioners was complete, but the test of the power would come when exception was made to the taking. Under this analogous authority we are of the opinion that in the instant case, the supervisors under the Act of 1947, as amended in 1951, had a qualified power as to the preliminary procedure by the supervisors, but that the court has a revisory control if exceptions are filed, and

that the legislature did not indicate an intent of repealing such supervisory powers of the court. Wherefore, it seems clear that this court has jurisdiction in the instant case to grant a review.

Under the evidence and the law, hereinbefore referred to, under heading "Discussion", we are of the opinion that the report of the board of viewers, in the instant case, must be confirmed. Webster's International New Dictionary, unabridged, Second Edition, defines "review", as follows: "Law. To reexamine judicially; as a higher court may review the proceedings and judgments of a lower one; judicial reexamination, as of the proceedings of a lower tribunal of any kind by a higher".

Furthermore, it appears from the evidence that the cost of maintenance of the Township Route #334 is of minor importance and not an undue hardship upon the taxpayers and supervisors of the township, whereas freeholders' claim for land damages would be substantial.

Wherefore, we make the following

### Order and Decree

And now, to wit, July 19, 1956, after due and careful consideration of the law and the evidence, and the stipulation between counsel for the supervisors and for the freeholders, dated February 27, 1956, the motion for a rule to show cause why the report of the viewers should not be set aside is hereby overruled and denied; and that freeholders' exceptions to the Board of Supervisors of North Londonderry Township, Lebanon County, are granted; and the report of the board of viewers, appointed by the Court of Quarter Sessions of Lebanon County, filed May 4, 1954, is hereby confirmed. Costs of this proceeding to be prorated equally between the Board of Supervisors of North Londonderry Township and the freeholders.