518 A.2d 2

In Re: Vacation of portion of Township Road 164, Lausanne Township, Carbon County, Pennsylvania. Casimere Laganosky, Appellant.

Argued June 12, 1986, before Judge MACPHAIL, and Senior Judges ROGERS and BARBIERI, sitting as a panel of three.

*Mark A. Peleak,* for appellant.

No appearance for appellee.

OPINION BY SENIOR JUDGE BARBIERI, November 13, 1986:

Casimere Laganosky (Appellant) appeals here the final decree of the Carbon County Court of Common Pleas denying Appellant's exceptions to the court's decree nisi and entering judgment in accordance with that decree. The decree nisi confirmed the Report of the Board of Viewers, appointed to perform a *de novo* review of the enactment of an ordinance by the Lausanne Township Board of Supervisors vacating a portion of Township Road 164 (TR 164). The Report adopted as an amendment to that ordinance a stipulation between the township supervisors and a Joseph Klementovic agreeing that that portion of TR 164 vacated would become a private road, to be used and maintained by all adjoining property owners.

Appellant argues on appeal that the Township Supervisors, the Board of Viewers, and the common

pleas court erred legally and procedurally in effecting the vacation of a portion of TR 164. Appellant suggests that we remand this matter to the common pleas court to direct that an evidentiary hearing be held the record of which may be utilized at a later time for purposes of review for errors of law. We agree.

The procedure for laying out and vacating roads in second class townships is governed by Section 1101 of The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §66101, and Section 1102 of the Code, added by the Act of July 10, 1947, P.L. 1481, *as amended*, 53 P.S. §66102.

The Code in 1933 provided that procedure in road matters was to be governed by the General Road Law, Act of June 13, 1886, P.L. 551, and its supplemental acts, *as amended*, 36 P.S. §§1761—3588. The above-referenced Act of July 10, 1947, P.L. 1481, amended the Code by divesting the quarter sessions courts[1] of original jurisdiction over road matters as provided under the General Road Law and placing determinations formerly made by a board of view appointed by the court within the discretion of the township supervisors.

Thus, the Code, as amended, authorizes second class township supervisors to lay out, open, widen, straighten and vacate roads within the township by enacting an ordinance upon the petition of interested citizens, or without petition if in the judgment of the supervisors, it is necessary. Under Section 1102(a) of the Code, 53 P.S. §66102(a), however, prior to the passage of any ordinance for the laying out, opening, changing, or vacating of any road or section thereof, the

---

[1] Section 4 of the Schedule to the Judiciary Article of the 1968 Constitution abolished the quarter sessions courts. The common pleas courts now exercise the jurisdiction once exercised by the quarter sessions courts.

supervisors must give ten days' written notice to affected property owners of the time and place when and where all interested parties may meet and be heard. Under subsection (b), 53 P.S. §66102(b), should the supervisors decide to take the action proposed, they must enact the necessary ordinance and file a copy of the ordinance in the office of the clerk of court of quarter sessions. Under subsection (c), 53 P.S. §66102(c), any citizen of the township may, within thirty days after the filing of the ordinance enacted by the supervisors, file exceptions to the ordinance together with a petition for review provided sufficient surety for costs is entered in the court. Upon the filing of exceptions, the court appoints viewers for the purpose of reviewing the ordinance and exceptions thereto.

The July 10, 1947 Act referenced above supersedes the General Road Law only to a limited extent; procedure subsequent to the filing of the ordinance by the township supervisors and appointment of a board of viewers is governed by the General Road Law. *See In Re: Vacation of Hain Avenue, Swatara Township*, 54 Pa. Commonwealth Ct. 102, 420 A.2d 760 (1980) *citing In Re: Vacation of Road in Upper Southampton Township*, 3 Bucks 217 (C.P. Pa. 1953). Under the General Road Law, the Board of Viewers, appointed by the common pleas court for the purpose of reviewing the ordinance and exceptions thereto, does not review the action of the supervisors as would an appellate body; rather their function is to exercise independent judgment in a *de novo* evidentiary proceeding and determine the propriety of the ordinance to which exception has been taken. *See In Re: Vacation of Road in Upper Southampton Township*, in which the Bucks County Court of Common Pleas made the following observations concerning certain exceptions filed to an ordinance vacating a road in that county:

> Contrary to exceptants' position set forth in the seventh exception, it is totally immaterial from a legal point of view what parties actually participate in the proceeding before the reviewers inasmuch as they consider the matter de novo; . . . Alleged errors and omissions on the part of the supervisors . . . are not matters of concern to the reviewers, the proceedings of the latter being independent from those of the former, and both being advisory to the court.

3 Bucks at 224. *See also Vacation of Township Road No. 334,* 13 Pa. D. & C. 2d 130 (1956) (review by a board of viewers of the action of township supervisors in vacating a township road is not limited to seeing that procedural requirements have been met and that there has been no abuse of discretion or misconduct on the part of the supervisors). *But cf. In re Morrison Street,* 80 Pa. D. & C. 542 (1952).

Having explained the proper procedure to be employed in vacating a road, or a portion thereof, we now attempt a partial explanation of the proceedings preceding the instant appeal at least as far as we are able to determine from an extremely sketchy record.

The Lausanne Township Board of Supervisors on or about March 10, 1984 enacted an ordinance vacating a portion of TR 164. On April 12, 1984, Joseph Klementovic petitioned the common pleas court to establish sufficient surety for the filing of exceptions to the ordinance. After surety was set on September 7, 1984, Joseph Klementovic filed his exceptions and petition for review on October 4, 1984. A Board of Viewers was appointed by the common pleas court on October 9, 1984. Meanwhile, on or about August 14, 1985, Appellant filed a petition with the common pleas court in which he averred that TR 164 was entirely on his premises and that, therefore, the Board of Viewers was

without jurisdiction to determine the propriety of the ordinance.

The Board of Viewers, in its report submitted September 24, 1985, recognized the petition filed by Joseph Klementovic but refused to consider the Appellant's petition on the grounds it was untimely filed and was not accompanied by surety as required by Section 1102(c) of the Code, 53 P.S. §66102(c). Joseph Klementovic's petition complained that no provision had been made in the ordinance to designate the vacated portion of the Township Road a private road. The Board of Viewers adopted and submitted to the common pleas court as their report the stipulation entered into on January 26, 1985 between the Township Supervisors and Joseph Klementovic declaring that "[t]hat portion of Township Road 164, Lausanne Township, vacated by . . . Ordinance of March 10, 1984, shall be a private road to be used and maintained by all adjoining property owners, their heirs and assigns."

Appellant filed exceptions to the Board of Viewers' Report contending *inter alia* that the Board did not take any evidence on which to base its Report; that the portion of the road vacated and designated a private road is entirely on his premises; that, therefore, the Board had no jurisdiction to review the ordinance; and that there were procedural errors committed by the supervisors and the Board of Viewers.

On October 23, 1985, the common pleas court entered its decree nisi confirming the Board of Viewers' Report and rejecting Appellant's exceptions. Appellant filed exceptions to the decree nisi in which he outlined the procedural irregularities referenced in the exceptions to the Report and repeated his assertions that the road vacated and declared a private road was never a township road. On November 9, 1985, the court denied the Appellant's exceptions and entered judgment in accordance with the decree nisi.

The procedural irregularities as asserted by Appellant are very apparent. Most apparent is the lack of an evidentiary hearing necessary to determine some very preliminary facts; *i.e.* whether ten days' notice was given to affected property owners including Casimere Laganosky of the proposed ordinance, the date of the passage of the ordinance, and the date the ordinance was filed in the office of the clerk of the common pleas court. All those facts are necessary to determine whether Appellant's exceptions were timely filed. We would note that if it is found that Appellant's exceptions were untimely filed on or about August 14, 1984, Joseph Klementovic's exceptions filed October 4, 1984 would be untimely filed as well.

Thus, we will remand this matter to the Carbon County Court of Common Pleas which is directed to first determine whether Appellant's exceptions were timely filed. In the event Appellant's exceptions are timely, the court must appoint another Board of Viewers whose duty it shall be to hold an evidentiary hearing on the issue of the necessity for vacating a portion of TR 164. The Board of Viewers shall exercise *de novo* review of the supervisors action and, in its Report to the common pleas court, advise the court whether it believes the ordinance proper and in doing so, shall address itself to any and all exceptions timely filed.

### ORDER

AND NOW, this 13th day of November, 1986, the final decree of the Carbon County Court of Common Pleas in the above-captioned matter, dated November 9, 1985, is vacated and the matter is remanded to the Carbon County Court of Common Pleas for proceedings consistent with this opinion. Jurisdiction relinquished.