**Hugh BUBB and Olive Bubb, his wife, and Jean G. Berthold, Appellants**

v.

**H. Russell BLANCHARD, Jr., Ralph E. Blanchard and Charlene Blanchard, Co–Appellants**

v.

**Loyalsock Township, a Municipal Corporation, Its Board of Supervisors, to wit: R.C. Haas, Ruth J. Wheeland, Donald L.Garver, William C. Reighard, and Lynn C. Womer, Jr.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1999.

Decided Nov. 5, 1999.

Scott A. Williams, Williamsport, for appellants.

Matthew J. Zeigler, Williamsport, for appellees.

Before COLINS, J., McGINLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is an interlocutory appeal from an order of the Court of Common Pleas of Lycoming County (trial court) that involves a controlling question of law as to which there is substantial ground for difference of opinion.[1]

That question concerns the statutory interpretation of Section 2304 of the Second Class Township Code (Code).[2] Subsection 2304(a) of the Code states:

The board of supervisors may by ordinance enact, ordain, survey, lay out, open, widen, straighten, vacate and relay all roads and bridges and parts thereof which are located wholly or partially within the township.

In 1995, the General Assembly amended Section 2304 and eliminated the former language that allowed a Township Board of Supervisors to vacate a road if, in the

---

1. Jurisdiction is based on Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), which dictates that appeals may be taken by the filling of a petition for permission to appeal. Pa. R.A.P. 1311(a) and (b). This Court granted that permission by order dated March 25, 1999.

2. Act of May 1, 1933, P.L. 103, *as amended, added by* Section 1 of the Act of Nov. 9, 1995, P.L. 350, 53 P.S. § 67304.

Supervisors' judgment, it is necessary.[3] The now-repealed Section 65101 stated, *inter alia*, that:

> The township supervisors may by ordinance enact, ordain, survey, lay out open, widen, straighten, vacate and relay all roads and parts thereof which are wholly within the township, upon the petition of interested citizens, *or without petition if in the judgment of the supervisors, it is necessary*. (Emphasis added).

Appellants filed a petition for review challenging Loyalsock Township Ordinance 275 (Ordinance), which vacated a portion of township road T–502. The Loyalsock Township Board of Supervisors (Supervisors) enacted the Ordinance after a group of residents, other than Appellants, petitioned to vacate the road. Pursuant to Subsection 2305(c),[4] the trial court appointed a board of view to review the Ordinance and exceptions. The Supervisors filed a motion *in limine* to limit the board of view to only an examination of damages. The Supervisors based this restriction on Subsection 2304(a), which they asserted did not permit the board of view to determine the necessity of vacating the road.

After a thorough analysis of the rules of statutory construction, the trial court agreed with the Supervisors and held that the board of view and, ultimately, the trial court, is not authorized to review the necessity of the ordinance. In so holding,

the trial court applied several rules of statutory construction. First the trial court observed that the object of all statutory interpretation is to ascertain and effectuate the intent of the General Assembly.[5] Then the court noted that, when the words of a statute are clear and free of all ambiguity, a court might not disregard the language of a statute under the pretext of pursuing its spirit.[6] The trial court also discussed the statutory construction rule that when the words of a later statute differ from the language of an earlier one, the court must assume the legislature intended a different construction. *Meier v. Maleski*, 670 A.2d 755 (Pa.Cmwlth.1996), *affirmed*, 549 Pa. 171, 700 A.2d 1262 (1997).

Appellants attempt to avoid these points by focusing on Section 1921(c)(5) of the Act, 1 Pa.C.S. § 1921(c)(5), which allows a court, when construing a statute, to consider the former law on the subject. While this is true, Appellants neglect to consider the rule that a court may consider a former law only when "the words of a statute are not explicit." 1 Pa.C.S. § 1921(c). We conclude that the language of Subsection 2304(a) of the Code is clear and unambiguous.

Appellants also assert the requirement of necessity should be applied because necessity is inherent in the General Road Law[7] that is referenced in Subsection 2304(c).[8] That subsection allows a court to

---

3. Prior to 1995, this subject matter was governed by Section 101 of the Code, 53 P.S. § 66101, Act of May 1, 1933, P.L. 103, *as amended*.

4. Subsection 2305(c) of the Code, 53 P.S. § 67305(c), states:

   Any resident or property owner affected by the ordinance may within thirty days after the enactment of the ordinance of the board of supervisors, upon entering in the court sufficient surety to indemnify the board of supervisors for all costs incurred in the proceedings, file exceptions to the ordinance together with a petition for a review. Upon receipt of the exception and surety, the court of common pleas shall appoint viewers from the county board of viewers

for the purpose of reviewing the ordinance and exceptions thereto.

5. Section 1921(a) of the Statutory Construction Act of 1972(Act), 1 Pa.C.S. § 1921(a).

6. Section 1921(b) of the Act, 1 Pa.C.S. § 1921(b).

7. The General Road Law, Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. §§ 1761–3588.

8. Subsection 2304(c) of the Code states in relevant part:

   [W]hen any petition is presented to the board of supervisors requesting the board

overturn a township's supervisors' refusal to act on a citizen petition by utilizing the type of review specified in General Road Law. In *In Re Vacation of Portion of Township Road 164*, 102 Pa.Cmwlth. 80, 518 A.2d 2 (1986), we held that that review was de novo and limited to determining the necessity of the vacation. Similarly, *In Matter of Jackson Twp. Ordinance 91–103*, 164 Pa.Cmwlth. 135, 642 A.2d 564 (1994), the Court stressed that it is the proper scope of the review that is governed by the Code. As discussed below, the current Code contains no mention of necessity.

Appellants further assert the construction of Subsections 2305(c) and 2305(d) illustrate that the legislature intended a board of view and the courts to first review the necessity of the ordinance under Subsection 2304(c) of the Code before assessing damages under Subsection 2305(d). Appellants argue that, if the legislature had intended the townships to be able to pass ordinances whether necessary or not, they would have simply omitted Subsection 2305(c), rather than specifically craft the language of that Subsection to include a review of the ordinance.[9] We disagree.

■ Appellants would have this Court disregard long-honored principles of statutory construction. Comparing the current statute with the one it replaced demonstrates that, under prior law, the Supervisors could abandon a road upon petition by interested citizens without a showing of necessity and could abandon it *sua sponte* by deeming such abandonment necessary. Yet another tenet of statutory construction requires that matters of eminent domain

> ... to vacate a specific road [and the board fails to act], the petitioners may present their petition to the court of common pleas which shall proceed thereon under ... the General Road Law.

9. Appellants do not explain why the word necessity does not appear in those subsections. Subsection 2305(c) of the Code merely uses the phrase "reviewing the ordinance and exceptions thereto," while Subsection 2305(d)

and decreasing a court's jurisdiction should be strictly construed.[10]

■ When a court reviews a board of supervisors' failure to act, it is conducting judicial review of a legislative branch, which involves deference to legislative judgment. *Commonwealth v. James J. Cochran Post No. 251 of V.F.W. of U.S.*, 350 Pa. 111, 38 A.2d 250 (1944). Here, when this statute does not implicate a fundamental or quasi-fundamental right and does not involve discrimination against a suspect or quasi-suspect class of individuals, the standard of review is that of rational basis. *Commonwealth v. Burnsworth*, 543 Pa. 18, 669 A.2d 883 (1995). A court may inquire only whether there was a rational relationship between the challenged statute and a legitimate state interest that the legislature was attempting to effect. *Id.; Commonwealth v. Agnew*, 411 Pa.Super. 63, 600 A.2d 1265 (1991). The question, thus, becomes whether there is a rational relationship between the challenged Ordinance and the legitimate government interest the supervisors were attempting to effect. *Allegheny Housing Authority v. Morrissey*, 651 A.2d 632 (Pa. Cmwlth.1994).

■ Instead of determining whether the Ordinance is necessary, the trial court is authorized to determine whether the supervisors had a legitimate state purpose in mind when passing the ordinance, and whether they could have reasonably believed the ordinance would accomplish that purpose, i.e., the ordinance must bear a rational relationship to that goal. *Plowman v. Department of Transportation*, 535 Pa. 314, 635 A.2d 124 (1993).

outlines prohibitions against laying out and opening roads through burial grounds, cemeteries, property occupied by schools, churches, charitable institutions, or seminaries without consent of the owner. 53 P.S. § 67305(c)–(d).

10. Section 1928(4) and (7) of the Act, 1 Pa. C.S. § 1928(4), (7).

Therefore, we hold, as did the trial court, that the board of view, and also the trial court, is limited to determining damages and to conducting a *de novo* review to decide whether the ordinance bears a rational relationship to a legitimate governmental purpose. The General Assembly was clear when it removed the words "it is necessary" from the statute.

Accordingly the order of the trial court is affirmed.

### ORDER

AND NOW, this 5th day of November, 1999, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is affirmed.