Victor Zeni, Appellant *v.* Township Supervisors and Springhill Township, Appellees.

Argued October 4, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Joseph N. Bifano,* for appellant.

*R. Wallace Maxwell, Maxwell and Davis,* for appellees.

OPINION BY JUDGE CRAIG, October 29, 1982:

In March 1980, four landowners filed a petition with the Springhill Township Board of Supervisors

(supervisors) under the Second Class Township Code,[1] to vacate a portion of Road No. 326, commonly known as Henry Hollow Road. After the supervisors, apparently without a hearing, refused the request for vacation, Victor Zeni, an owner of property abutting Henry Hollow Road, petitioned the Court of Common Pleas of Greene County to appoint a board of viewers and conduct a hearing de novo.[2] Adopting the board's findings and recommendations not to vacate the road, the court below dismissed Mr. Zeni's petition. We affirm.[3]

---

[1] Act of May 1, 1933, P.L. 103, art. XI, §1101, as amended, 53 P.S. §66101, which provides in pertinent part:

The township supervisors may by ordinance ... vacate ... all roads and parts thereof which are wholly within the township, upon the petition of interested citizens, or without petition if in the judgment of the supervisors, it is necessary.

[2] By Act of May 2, 1949, P.L. 819, No. 216, §1, the legislature added a paragraph to the 1933 Second Class Township Code providing that "[w]hen any petition is presented to the township supervisors under the provisions of this section [53 P.S. §66101] and the supervisors *fail to act* on the petition within sixty (60) days, the petitioners may present their petition to the court of quarter sessions which shall proceed thereon as provided by the general road law." (Emphasis added.)

President Judge TOOTHMAN, in his opinion of April 9, 1981, appears to have relied on the township supervisors' failure to act upon the initial petition as a basis for appointing a board of view under the general road law, which provides in pertinent part:

The courts aforesaid shall, within their respective counties, have authority, upon application to them by petition, to inquire of and to change or vacate the whole or any part of any private or public road which may have been laid out by authority of law, whenever the same shall become *useless, inconvenient or burdensome....* The said courts shall proceed therein by views and reviews, in the manner provided for the laying out of public roads and highways. (Emphasis added.)

Act of June 13, 1836, P.L. 551, as amended, 36 P.S. §1981.

[3] Although neither counsel addressed the issue of this court's scope of review when a common pleas court adopts a board of

490

The appellant contends that the court of common pleas erred as a matter of law by adopting the board's conclusion that he "failed, by the weight of the evidence, to prove that ... [Henry Hollow Road] ... had become 'useless,' or 'inconvenient,' or 'burdensome,' in the disjunctive."[4] Specifically, Mr. Zeni has drawn our attention to testimony in the record, including his own, to support his claim that Henry Hollow Road has seen little use, has not been regularly maintained by the township,[5] has suffered the ac-

view's findings and recommendations concerning road vacation, both parties cited many Superior Court decisions which would have precluded us from reviewing the merits of this case or questions of fact raised by the evidence. *See, e.g., Likar Appeal,* 157 Pa. Superior Ct. 572, 43 A.2d 388 (1945); *see also, Culbertson Appeal,* 182 Pa. Superior Ct. 374, 128 A.2d 95 (1956) (per curiam) (appellate court may not review sufficiency of evidence in road vacation case). The Superior Court decided these cases, however, when its appellate review of road vacation orders could only be had on narrow certiorari, a review confined to questions of jurisdiction and the regularity of proceedings below. As we noted in *Millersville Annexation Case,* 2 Pa. Commonwealth Ct. 587, 279 A.2d 349 (1971), *aff'd* 447 Pa. 310, 290 A.2d 102 (1972), governing our scope of review concerning the validity of an ordinance, passage of the new Pennsylvania Constitution in 1968 broadened the right to appeal in many cases and with it, broadened our scope of review. *See also* 42 Pa. C. S. §5105(d)(1) (appeal of right from final order of lower court shall extend to whole record and scope of review shall not be limited as on broad or narrow certiorari).

[4] Board of View Conclusion of Law No. 4. The standard used by the board for refusing to vacate Henry Hollow Road, "useless, inconvenient, or burdensome," tracks the language of 36 P.S. §1981. *See also, Bristol Township Road,* 49 Pa. Superior Ct. 549, 553 (1912) (because standard is in disjunctive, only one of three conditions needed to justify vacation).

[5] We note that Mr. Zeni did not petition the court of common pleas to direct the supervisors of Springhill Township to keep Henry Hollow Road in repair and reasonably free from all obstructions as mandated by Section 516 of the Second Class Township Code, 53 P.S. §65516. Indeed, Mr. Zeni, a self-employed paving contractor, testified that if the township vacated Henry Hollow Road, he

cumulation of trash and debris along its route, is impassable during some seasons of the year, is not a regular bus or mail route, and, in his own opinion, would cost the township too much money to repair.

The concepts of "useless," "inconvenient," or "burdensome" are not cast in stone; they must necessarily draw their meaning from the facts of a particular case. *See, e.g., Likar Appeal,* 157 Pa. Superior Ct. 572, 43 A.2d 388 (1945) (road vacated because, *inter alia,* it was impassable during certain seasons, had insufficient clearance for overhead railroad crossing, had bridge condemned for certain load limits, had dangerous railroad crossing).

Here, there was ample evidence for the court of common pleas to conclude that Henry Hollow Road was neither useless, inconvenient, nor burdensome to the township. Witnesses testified that they use the road for a variety of purposes: as a short-cut, as a route for deer-hunting, as the only means of access to a local garden, and as the only road for checking and maintaining leased oil wells. Even the appellant testified that he uses the road as a means of access to his property.

Accordingly, we affirm.

ORDER

Now, October 29, 1982, the order of the Court of Common Pleas of Greene County is hereby affirmed.

would maintain it for his benefit and for the benefit of other landowners or renters of abutting property. We also note, however, that in his April 9, 1981 order, President Judge TOOTHMAN directed the township to maintain Henry Hollow Road in good and serviceable condition. *Cf. Clifford Township v. Ransom,* 41 Pa. Commonwealth Ct. 211, 398 A.2d 768 (1979) (second class township road may not divest itself of maintenance responsibility except by vacation through ordinance).