**In re SWAMP ROAD IN WAYNE TOWNSHIP, Dauphin County, Pennsylvania.**

**Appeal of Wayne Township.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 2004.

Decided Oct. 7, 2004.

Linus E. Fenicle, Camp Hill, for appellant.

Virginia Davison, Harrisburg, for appellee.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

Wayne Township (Township) appeals an order of the Court of Common Pleas of Dauphin County (trial court) that denied the Township's exceptions to the Report of Board of View and ordered the vacation of a portion of Swamp Road. Because we determine the applicable legislation provided the trial court with express authority to act and substantial evidence supported its decision, we affirm.

Swamp Road is an unpaved public road that services the Department of Conservation and Natural Resources' (DCNR) Joseph Ibberson Conservation Area. Traversing a heavily wooded and steeply sloped area, the road provides no service to private lands.

Citing the poor condition of road, infrequent use by motor vehicles, and a plan to incorporate the road into the trails system, DCNR formally requested the Wayne Township Board of Supervisors vacate the 0.7 mile portion of the road that runs through the conservation area. The Supervisors voted to deny DCNR's request, providing the following reasoning:

> The reason for denying the request was because of fire protection; hikers, bikers and hunters want access to the top of the mountain; it is an accessway for emergency equipment; it is an access to the Appalachian Trail shelters ... and handicapped hunters use this road on a regular basis.

Reproduced Record (R.R.) at 9a.

Pursuant to Section 2304 of the Second

Class Township Code,[1] DCNR petitioned the trial court for the appointment of a board of viewers. The trial court granted the petition, and the board of viewers determined the road should be vacated, finding it was "useless, inconvenient, and burdensome."

■ The Township filed exceptions to the viewers' report. The trial court denied the exceptions and ordered the road vacated. The Township appeals to this Court.[2]

Two statutes apply: the Second Class Township Code; and the General Road Law. Section 2304 of the Second Class Township Code provides (with emphasis added):

(a) *The board of supervisors may by ordinance enact, ordain, survey, lay out, open, widen, straighten, vacate and relay all roads and bridges and parts thereof which are located wholly or partially within the township.*

. . .

(c) When any petition is presented to the board of supervisors requesting the board of supervisors to open or vacate a specific road in the township and ·the board of supervisors fails to act on the petition within sixty days, the petitioners may present their petition to the court of common pleas which shall proceed thereon under the act of June 13, 1836 (P.L. 551, No. 169), referred to as the General Road Law. If the board of supervisors acts on the petition but denies the request of the petition, the board of supervisors shall notify the person designated in the petition of its denial. *If the request of the petition is denied, the petitioners, or a majority of them, may within thirty days after receipt of the notice petition the court of common pleas for the appointment of viewers and proceedings shall be taken thereon under the General Road Law.*

Section 18 of the General Road Law[3] provides (with emphasis added):

The courts aforesaid shall, within their respective counties, have authority, upon application to them by petition, to inquire of and to change or vacate the whole or any part of any private or public road which may have been laid out by authority of law, *whenever the same shall become useless, inconvenient or burthensome* .... The said courts shall proceed therein by views and reviews, in the manner provided for the laying out of public roads and highways.

■ The parties raise two issues: first, whether the General Road Law permits a trial court to vacate a road after supervisors deny a related request in their legislative capacity; and second, whether the trial court's determination that the subject road was "useless, inconvenient, and bur-

---

1. Act of May 1, 1933, P.L. 103 *as amended, added by* Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67304.

2. Previously, appellate review of road vacation orders could only be had on narrow certiorari, a review confined ·to questions of jurisdiction and the regularity of proceedings below; however, the passage of the new Pennsylvania Constitution in 1968 broadened the right to appeal in many cases and with it, broadened our scope of review. *Zeni v. Township Supervisors of Springhill Township,* 69 Pa.Cmwlth. 488, 451 A.2d 809 (1982).

Therefore, our scope of review extends to the whole record. *Id.,* citing 42 Pa.C.S. § 5101(d)(1).

We review for error of law, abuse of discretion or findings unsupported by substantial evidence. *Cf. Matter of Jackson Twp. Ordinance 91–103,* 164 Pa.Cmwlth. 135, 642 A.2d 564 (1994) (where ordinance vacated road, and viewers recommended road be reopened, trial court upheld viewers' conclusion).

3. Act of June 13, 1836, P.L. 551, *as amended,* 36 P.S. § 1981.

densome" was supported by substantial evidence.

First, the Township relies on *Bubb v. Blanchard*, 740 A.2d 1196 (Pa.Cmwlth. 1999), a case it asserts is controlling. In that case, township supervisors enacted an ordinance vacating a road. In response to a petition challenging that action, the trial court appointed a board of view. A question arose as to the scope of the board's and trial court's inquiry. This Court held that in the absence of specific legislative direction, a trial court's review of legislative action, such as the road vacation ordinance, is limited to determining whether there was a "rational basis" for the action.

Based on *Bubb*, the Township here contends judicial action is similarly constrained. It also argues any independent judicial inquiry regarding whether a road is "useless, inconvenient, and burdensome" violates principles of legislative deference.

DCNR argues *Bubb* is inapposite because it addresses proceedings under a separate portion of the Second Class Township Code, Section 2305, which addresses a trial court's review of an ordinance granting vacation of a road.[4] DCNR emphasizes the proceedings here were brought under Section 2304, a section specifically addressing the refusal to vacate a road.

Also, DCNR asserts the plain language of Section 18 of the General Road Law provides the trial court independent authority to consider whether a road is "useless, inconvenient, and burdensome." It argues that, unlike the petitioners in *Bubb*, it does not seek review of a legislative act; rather, it asserts its petition seeks an independent action by the trial court. We agree.

■ The Second Class Township Code supersedes the General Road Law only to a limited extent. *See Vacation of Portion of Township Road 164*, 102 Pa.Cmwlth. 80, 518 A.2d 2 (1986). Procedure subsequent to action by the township supervisors and appointment of a board of viewers is governed by the General Road Law. *Id.* Under the General Road Law, the board of viewers does not review the action of the supervisors as would an appellate body; rather, its function is to exercise independent judgment in a *de novo* evidentiary hearing. *Codorus Stone & Supply Co., Inc. v. Kingston*, 711 A.2d 563 (Pa.Cmwlth. 1998).

Here, the General Assembly specifically instructed the board as to the standard it should apply in considering whether or not to vacate a road where the township supervisors declined to do so. Section 18 of the General Road Law provides the express authority to independently consider whether a road should be vacated because it is "useless, inconvenient, and burdensome."

*Bubb* does not compel a different result. That case primarily concerned whether a board of view could consider the "necessity" of a road vacation ordinance. Critical to *Bubb* was an amendment to the Second Class Township Code that eliminated former language allowing supervisors to vacate a road if, in their judgment, it was necessary. We held that because of the

---

4. Section 2305(c) of the Second Class Township Code provides:

    (c) Any resident or property owner affected by the ordinance [vacating a road] may within thirty days after the enactment of the ordinance of the board of supervisors, upon entering in the court sufficient surety to indemnify the board of supervisors for all costs incurred in the proceedings, file exceptions to the ordinance together with a petition for a review. Upon receipt of the exception and surety, the court of common pleas shall appoint viewers from the county board of viewers for the purpose of reviewing the ordinance and exceptions thereto. 53 P.S. § 67305.

amendment, inquiry into necessity of the vacation ordinance was inappropriate. In the absence of specific legislative guidelines for the board, it should restrict its inquiry to whether the vacation ordinance bears a rational relationship to a legitimate governmental interest.

Unlike the situation in *Bubb,* here the board enjoyed the General Assembly's specific direction as to the standard of inquiry. Following the General Assembly's express mandate does not offend the principle of legislative deference.

■ Next, the Township argues the trial court's determination that the road was "useless, inconvenient, and burdensome" was not supported by substantial evidence. It emphasizes testimony that the road is used by emergency vehicles and handicapped hunters.

DCNR counters with references to evidence concerning the road's dilapidated condition[5] and testimony that access by emergency vehicles still would be available. R.R. at 19–21, 30–35. They emphasize testimony of the Conservation Area's manager that he has never seen a motor vehicle use the road. Further, the Conservation Area's manager testified that the narrow width of the road makes its use inconvenient and dangerous. R.R. at 23a.

■ The standard used by the board of viewers and the trial court, "useless, inconvenient or burdensome," tracks the language of the General Road Law. Because the standard is in the disjunctive, only one of the three conditions is needed to justify vacation. *Zeni v. Township Supervisors of Springhill Township,* 69 Pa.Cmwlth. 488, 451 A.2d 809, 810, n. 4 (1982), citing *Bristol Township Road,* 49 Pa.Super. 549, 553 (1912). The concepts of "useless," "inconvenient," or "burdensome" are not cast in stone; they must necessarily draw their meaning from the facts of a particular case. *Zeni.*

■ Here, DCNR produced ample evidence for the trial court to conclude that the 0.7 mile portion of Swamp Road was useless or inconvenient or burdensome. Although the Township emphasizes conflicting evidence, determining what weight to give evidence is an issue for the fact-finder, not the appellate court.

Accordingly, we affirm the decision of the trial court.

### ORDER

AND NOW, this 7th day of October, 2004, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.

---

**5.** A professional engineer testified that the road had rocks protruding as high as six inches from the ground limiting motor vehicle use and that nothing protects motorists from sliding down slopes that border the road. R.R. at 61a, 77a. Another expert testified that upgrades to the road would cost several hundred thousand dollars. R.R. at 80.