# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Vacating of Old Route 322,    :
Paint Township, From The Clarion      :
River to Intersection of Old Route 322 :
and New Route 322                     : No. 384 C.D. 2020
                                      : Argued:  February 9, 2021
Appeal of:  Bryan W. Huwar and Terry  :
L. Rapp                               :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge (P.)
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER              FILED:  March 3, 2021


Bryan W. Huwar and Terry L. Rapp (Appellants) appeal from the March 12, 2020 Order of the Court of Common Pleas of Clarion County (trial court) that denied and dismissed their exceptions to a Board of Viewers' (Board) report, adopted the Board's finding that a section of road under the supervision of Paint Township (Township) referred to as "Old Route 322" is not "useless, inconvenient or burdensome," and accepted the Board's recommendation to not vacate Old Route 322.  Appellants contend that the trial court erred by:  (1) finding that the Township had standing to assert the "private property rights" of those owning land along Old Route 322 as a reason to oppose vacation of Old Route 322; and (2) improperly considering certain evidence and arguments regarding the use and value of Old

Route 322. Because the trial court's decision involved no error of law and was based on substantial evidence, we affirm.

## I. Procedural History

### A. Petition to Vacate

In October 2018, Appellants petitioned the Township's Board of Supervisors, pursuant to Section 2304 of the Second Class Township Code (Code),[1] to vacate a section of Township Road T-870, commonly known as Old Route 322. Old Route 322 is a short section of road that begins at the point it intersects with "New Route 322" and terminates at the Clarion River. L. Robert Varner and Martha B. Varner (the Varners), Appellants, and Brookfield Power (Power Company) own land adjacent to Old Route 322.

---

[1] Act of May 1, 1933, P.L. 103, *as amended*, added by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67304. Section 2304 provides, in pertinent part:

> (a) The board of supervisors may by ordinance enact, ordain, survey, lay out, open, widen, straighten, vacate and relay all roads and bridges and parts thereof which are located wholly or partially within the township.
> . . . .
> (c) When any petition is presented to the board of supervisors requesting the board of supervisors to open or vacate a specific road in the township and the board of supervisors fails to act on the petition within sixty days, the petitioners may present their petition to the court of common pleas which shall proceed thereon under the [A]ct of June 13, 1836 (P.L. 551, No. 169), referred to as the General Road Law[, 36 P.S. §§ 1781-2293]. If the board of supervisors acts on the petition but denies the request of the petition, the board of supervisors shall notify the person designated in the petition of its denial. If the request of the petition is denied, the petitioners, or a majority of them, may within thirty days after receipt of the notice petition the court of common pleas for the appointment of viewers and proceedings shall be taken thereon under the General Road Law.

*Id.*

After the Township's Board of Supervisors failed to act on Appellants' petition to vacate, Appellants petitioned the trial court, pursuant to Section 2304(c) of the Code, to vacate Old Route 322. By order dated February 7, 2019, the trial court appointed the Board and instructed it to conduct a view and hold an evidentiary hearing to determine, *inter alia*, whether Old Route 322 has become "useless, inconvenient or burdensome" pursuant to Section 18 of what is commonly referred to as the General Road Law, 36 P.S. § 1981.[2] (Feb. 7, 2019 trial court order, Original Record (O.R.) Item No. 6.) On April 24, 2019, the Board viewed Old Route 322 and, that same day, held an evidentiary hearing,[3] at which Appellant Bryan Huwar, Township Secretary Jacqueline Blose, and Township Supervisors Kenneth Ganoe and Jeffrey Corcetti testified. (Board Report, Reproduced Record (R.R.) at 2a-3a.) Neither the Varners nor representatives of the Power Company attended the hearing. (*Id*. at 3a.) Huwar testified about the condition, maintenance, and supervision of Old Route 322, and its use by others. (*Id*. at 4a-5a.) Huwar also testified that if Old Route 322 was vacated, the Power Company could access its property by boat launch at the Tobey Hill Boat Ramp. (*Id*. at 6a.) During Huwar's testimony, Appellants' counsel entered into evidence several exhibits, including maps showing Old Route 322, as well as parcels of land adjacent to it, and photographs of the road. (Hearing Transcript, R.R. at 28a, 34a, 36a.) Blose, Ganoe, and Corcetti testified about the condition of Old Route 322, the Township's maintenance of the road, current and

---

[2] Act of June 13, 1836, P.L. 551, 36 P.S. § 1981.

[3] Stating that several entities "may have an interest in the [Power Company] property[,]" the Board served its Notice of View and Hearing by mail on the following entities: Brookfield Power, Brookfield Renewal Partners, and Brookfield Power Piney and Deep Creek, LLC. (Board Report, Reproduced Record (R.R.) at 3a.) The Board also served its Notice of View and Hearing by mail on Appellants, the Varners, and the Township Board of Supervisors' Solicitor. (*Id*. at 2a-3a.) The Board personally served the Notice of View and Hearing on Edward Heasley, Commissioner of Clarion County. (*Id*. at 2a.)

potential future uses of the road, and the Commonwealth of Pennsylvania's distribution of liquid fuel tax monies to the Township based on its ownership of the road. (Board Report, R.R. at 5a-6a.)

### B. Board's Report

The Board found that Old Route 322 "has not become 'useless, inconvenient or burdensome'[] and[,] therefore[,] should not be vacated." (*Id*. at 7a.) The Board reached its conclusion based on the following summary of evidence. Huwar testified that Old Route 322's "condition . . . had become poor, that the road had become overgrown with grass and weeds, that branches had fallen and hung low over the road, that leaves and other such debris had accumulated" and that he "had observed . . . that people had littered not only on Old Route 322, but also on his property which adjoins Old [Route] 322." (*Id*. at 4a.) Huwar further "testified that he has never observed either winter or summer maintenance, nor . . . any police patrolling the area." (*Id*. at 5a.) However, Huwar "never called [the] Township to complain about the condition of the road . . . [and] never contacted [the Township] or the State Police to complain about litter or people inappropriately using [Old Route 322]." (*Id*.) In response to Huwar's testimony, the Board stated that the "remedy for [Huwar's] complaints is to make contact with the Township and State Police rather than vacate [Old Route 322]." (*Id*.)

Township Secretary "Blose testified that Old Route 322 is a complaint-driven road," meaning the Township only addresses the road when it receives a complaint about it. (*Id*.) Blose further testified to having no memory of a complaint being made to her or to the Township generally about the condition of Old Route 322, except one incident involving a washout, which the Township addressed. (*Id*.)

4

Blose stated, along with Township Supervisors Ganoe and Corcetti, that Old Route 322 was posted as a "No-Winter Maintenance road," and therefore it would not be plowed of snow or salted. (*Id*.) Blose, as well as Ganoe and Corcetti, testified that the Township receives $839 annually from the state in liquid fuel tax monies because it owns Old Route 322. (*Id*.) Moreover, they testified that Old Route 322 is a valuable asset to the Township because it provides the public and emergency vehicles access to the Clarion River. (*Id*.) Corcetti testified that he "sees value in possible future uses" of Old Route 322, such as providing access to a public park. (*Id*. at 5a-6a.) Corcetti also testified that he has observed cars parked on Old Route 322 for what appeared to be people accessing either the Clarion River or a local hiking trail. (*Id*. at 6a.)

The Board found that Old Route 322 serves multiple purposes. First, the Board found that it provides Power Company access to its property. The Board stated:

> [Power Company's] property is clearly noted in [Appellants'] [e]xhibits. There is no evidence that this property owner consents to the vacating of Old Route 322. To vacate this road without [its] consent would prevent [it] access to [its] property by land. The failure of [Power Company] to object to the vacating of Old [Route] 322 does not permit the inference that [it] consent[s] to it.

(*Id*.) Second, the Board found that Old Route 322 permits access to leaseholds located on Power Company's property. The Board stated that these "leaseholds are marked as Camp 1 and Camp 2 on [Appellants'] [e]xhibit 3." (*Id*.) Based on the Board's observation of Old Route 322 and the surrounding properties, it was evident to the Board that the camps are used. They "are fenced, locked and secured. There are chairs and tables. There are also docks." (*Id*.) While Huwar testified that if Old

5

Route 322 was vacated, access to Power Company's property and to the camps could be made by boat launch, the Board stated that this "would be neither as easy nor convenient as by access [via] Old Route 322." (*Id.*)

### *C. Trial Court's Decision*

By order dated May 30, 2019, the trial court confirmed the Board's report and stated that "[a]ny party aggrieved by the decision of the [Board] may appeal to this court within thirty (30) days . . . ." (May 30, 2019 trial court order, O.R. Item No. 14.) On June 27, 2019, Appellants appealed the decision of the Board. (Notice of Appeal of Report of Board of Viewers, O.R. Item No. 18.) On March 12, 2020, after briefing and oral argument, the trial court dismissed Appellants' exceptions, adopted the Board's finding that Old Route 322 is not "useless, inconvenient or burdensome," and accepted "the Board's recommendation to not vacate the road." (March 12, 2020 trial court order, R.R. at 9a.)

The trial court first addressed Appellants' argument that, based on the law of standing, the Township was prohibited from making, and the Board should not have considered, arguments concerning Old Route 322's utility in providing access to the Power Company property and the camps located on that property. The trial court held that this argument "does not implicate the law on standing." (*Id.* at 9a.) Referring to *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655 (Pa. 2005), the trial court stated that

> [s]tanding involves the ability of a party to bring a legal action. Here, the Township did not initiate this action. Instead, it is responding to the action commenced by [Appellants], who have recognized that the Township, as the owner of the road, has an interest and a stake in this case and is a proper party.

6

(*Id*. at 9a-10a.) The trial court further stated that

> [t]he statutory test is whether the road is "useless, inconvenient or burdensome" and the [trial] court can consider all relevant evidence. The evidence concerning access did not have to be presented solely by the private entity [potentially] affected in order to be admissible. Further, one of the purposes of public highways is to provide private property owners and members of the public with a means of access to private property and in this case, the Township has the interest and authority to preserve the road for that purpose.

(*Id*. at 10a.) The trial court noted the additional evidence that the Board considered in concluding that Old Route 322 is not useless – its condition, maintenance, and use or misuse – and held that "[t]he evidence does support the Board's conclusion that the condition of [Old Route 322] does not cause it to be 'useless, inconvenient or burdensome.'" (*Id*. at 11a.)

The trial court discussed *Zeni v. Township Supervisors of Springhill Township*, 451 A.2d 809 (Pa. Cmwlth. 1982), and *In re Vacation of a Portion of Township Road 308 Located in Leidy Township*, 943 A.2d 372 (Pa. Cmwlth. 2008), as authority supporting its decision not to vacate the road. In *Zeni*, this Court held that vacating a road was improper because there was evidence of its continued use, including "as a short-cut, as a route for deer[] hunting, as the only means of access to a local garden, and as the only road for checking and maintaining leased oil wells." (March 12, 2020 trial court order, R.R. at 11a.) The trial court found *Zeni* factually similar to this case because "people use [Old Route 322] for a variety of purposes, including access to property and parking." (*Id*.) Similarly, in *Leidy Township*, this Court held that vacating a road was improper based on the findings of the board of viewers that it was "needed for government access to maintain public land and protect the public safety . . . ." (*Id*. at 12a (quoting *Leidy Twp*., 943 A.2d at 377).)

The trial court likened *Leidy Township* to this case in that here, the Board "found that [Old Route 322] may provide access to the Clarion River for the public and for emergency vehicles. The road may provide access to protect the public safety." (*Id*. at 13a.) The trial court distinguished this case from *In re Swamp Road in Wayne Township*, 859 A.2d 528 (Pa. Cmwlth. 2004), where this Court held that vacating a road was proper because it was dilapidated, narrow, inconvenient, and dangerous. (*Id*. at 11a-12a.) Here, in contrast, the trial court held that Old Route 322 does not have those characteristics. (*Id*.) Appellants now appeal to this Court.[4]

## II.   Appeal to this Court

Appellants contend that the trial court erred by: (1) finding that the Township had standing to assert the "private property rights" of those owning land along Old Route 322 as a reason to oppose the vacation of Old Route 322; and (2) improperly considering certain evidence and arguments regarding the use and value of Old Route 322. In order to resolve these issues, we are guided by the following principles.

Pursuant to the General Road Law, courts of common pleas shall

---

[4] Our scope of review in road vacation matters extends to the whole record. *Zeni*, 451 A.2d at 809 n.3 (citing Section 5105(d)(1) of the Judicial Code, 42 Pa.C.S. § 5105(d)(1)). "We review for error of law, abuse of discretion, or findings unsupported by substantial evidence." *In re Swamp Road*, 859 A.2d at 530 n.2. Questions of credibility and the resolution of evidentiary conflicts are for the fact finder, and its findings will not be disturbed if supported by substantial evidence. *Township of Millcreek v. Angela Cres Trust of June 25, 1998*, 25 A.3d 1288, 1292 (Pa. Cmwlth. 2011). "[S]ubstantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 640 (Pa. 1983). Our review "examine[s] the testimony in the light most favorable to the prevailing party below, giving that party the benefit of any inference which can be drawn logically and reasonably from the evidence." *Dickey v. Unemployment Comp. Bd. of Rev.*, 466 A.2d 1106, 1107 (Pa. Cmwlth. 1983).

have authority, upon application to them by petition, to inquire of and to change or vacate the whole or any part of any private or public road which may have been laid out by authority of law, whenever the same shall become useless, inconvenient or burthensome . . . .

36 P.S. § 1981. There is no dispute that, as the party petitioning for the vacation of Old Route 322, Appellants bear the burden of proving that the road is "useless, inconvenient or burdensome." "Because the standard [for vacating a road] is in the disjunctive, only one of the three conditions is needed to justify vacation." *In re Swamp Road*, 859 A.2d at 532 (citing *Zeni*, 451 A.2d at 810 n.4). Furthermore, "[t]he concepts of 'useless,' 'inconvenient,' or 'burdensome' are not cast in stone; they must necessarily draw their meaning from the facts of a particular case." *Zeni*, 451 A.2d at 810. With these principles in mind, we address Appellants' arguments *seriatim*.

### A. Standing
#### 1. Arguments

Appellants argue that the trial court erred by finding that the Township had standing to assert the private property rights of those owning land along Old Route 322 that did not attend the Board's hearing to oppose the Petition to Vacate. (Appellants' Brief (Br.) at 25.) Appellants cite cases which, they suggest, clarify that the concept of standing prevents "parties from asserting defenses in litigation where that party has no standing to make that defense." (*Id*. at 21-22.) Further, Appellants state that precedent supports their position that "municipalities lack standing to make arguments and take legal action on behalf of the individual rights of those citizens living within the municipality." (*Id*. at 22.)

Appellants contend that the trial court's reliance on *Pittsburgh Palisades* is misplaced because that case is applicable only to the extent "it sets forth the general

9

law regarding whether a party has standing, *i.e.*[,] . . . [whether] the party has a substantial, direct, and immediate interest in the outcome of the litigation." (*Id.* at 25.) Appellants claim that the trial court erred by failing to explain why the cases that Appellants presented to it do not apply to limit the Township's arguments. (*Id.* at 26.) While Appellants concede that "the Township does have standing to assert an argument in favor of the general public's right of passage on [Old Route 322,]" they contend that

> there is simply no basis in the law for the trial court's conclusion that because the Township has sufficient standing so as to participate in this action, it can base[] its defenses and argument not on the general public's right of passage which give[s] it that standing, but on the private property rights of others who did not appear at and participate in these proceedings.

(*Id.* at 26-27.)

The Township maintains that it has standing because it owns Old Route 322. The Township argues it "unquestionably has standing because it has title to [Old Route 322] . . . [and] it [therefore] has a direct stake in the outcome of the proceedings."[5] (Township's Br. at 6.) The Township urges the Court to reject Appellants' standing argument because it "ignores their burden of demonstrating that [Old Route 322] is useless, inconvenient or burdensome." (*Id.* at 12.) According to the Township, Appellants could have satisfied their burden by

---

[5] The Township also contends that Appellants waived their standing argument, pursuant to Pennsylvania Rule of Appellate Procedure 1551, Pa.R.A.P. 1551, because they failed to raise it during the Board's hearing. (Township's Br. at 3.) We do not agree. As Appellants assert in their reply brief, Appellants preserved their standing argument for our review by raising it before the trial court, as demonstrated by the trial court expressly addressing that issue. *See* Pennsylvania Rule of Appellate Procedure 302(a), Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

producing documents signed by the Varners, the Power Company, and the camp occupants attesting to their consent to the vacation of the road. (*Id.*) The Township argues that Appellants' standing argument is off the mark because urging a court to "make findings of fact is 'simply not an issue of "standing" in the same sense that the term "standing" is used in resolving a challenge to a plaintiff's ability to pursue a claim.'" (*Id.* at 6 (quoting *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1265-66 (11th Cir. 2015)).) Furthermore, the Township argues that principles of standing do not prevent municipalities in the context of road vacation proceedings from "assert[ing] the rights of the public generally and contiguous landowners particularly." (*Id.* at 12 (citing *Leidy Twp.*, 943 A.2d 372; *In re Swamp Road*, 859 A.2d 528).)

2. Discussion

The ability to access one's land by road has long been understood as important to the individual landowner as well as to the public. Our Supreme Court has stated that

> [t]he right of a property owner to have (or build) a road over his own land to connect with a public road has been recognized for centuries as one of his fundamental inalienable rights. The right of ingress and egress has always been considered such an important right that the law from very early time even gave a neighbor a way of necessity over the property of another[.]

*Appeal of Rolling Green Golf Club*, 97 A.2d 523, 526 (Pa. 1953) (emphasis omitted). As far back as 1735, when the Commonwealth of Pennsylvania was a province controlled by the heirs of William Penn:

11

> [T]he Provincial Legislature authorized the laying out of roads at the request of private individuals to access public roads, finding that the lack of access was not only burdensome to the person who desired the private road but to the public as well. All sales of land by the heirs of William Penn or from the Commonwealth, after the end of the Proprietorship, were sold with the condition that a purchaser could establish a private road to access a public road.

*In re O'Reilly*, 100 A.3d 689, 695 (Pa. Cmwlth. 2014) (Pellegrini, P.J., concurring). Just as private roads are critically important in providing land access, so also are public roads, particularly where a public road provides the only meaningful access to a parcel.

It is without question that a township has the authority to oppose the vacation of a township road. For example, this Court in *In re Swamp Road* considered a township's challenge to a finding that a township road had become "useless, inconvenient or burdensome." 859 A.2d at 532. Similarly, in *Leidy Township*, upon appeal by the township, we reversed a trial court's determination that a township road had become "useless, inconvenient or burdensome." 943 A.2d at 377. Accordingly, in the present case, the Township is undoubtedly authorized to oppose the vacation of Old Route 322.

That a township is authorized to oppose vacation of a township road necessarily means that the township may present evidence and make arguments that expose why the moving party has not met the burden of proving that the road at issue has become "useless, inconvenient or burdensome." In the proceedings below, the Township sought to demonstrate that Appellants had not met their burden of proof – they argued, *inter alia*, that Old Route 322 is valuable because it generates liquid fuels tax revenue and it is useful because it provides access to the Clarion River. The Township's specific arguments concerning Old Route 322's utility in providing access to the Power Company property and the camps on that property do not

implicate the law of standing. Contrary to Appellants' claims, the Township was not asserting the Power Company's "private property rights" but was instead identifying a deficiency in Appellants' case – that there had been no showing that Old Route 322 is **useless** to the Power Company. Accordingly, the Board did not err when it considered evidence and arguments that Old Route 322 provides access to the Power Company's property.

### B. *"Useless, Inconvenient or Burdensome" Evidence*

Appellants next assert that it was error for the trial court to consider certain evidence and arguments in finding that Old Route 322 is not useless, burdensome or inconvenient and to use that evidence to rely on case law that is factually distinguishable.[6]

Appellants contend that the Township's receipt of approximately $830 annually in liquid fuel monies based on its ownership of Old Route 322 "is irrelevant to whether [Old Route 322] is useless, burdensome or inconvenient because it has nothing to do with the actual use of the [r]oad." (Appellants' Br. at 30.) Citing "recent cases," namely *In re Swamp Road*, which apply the "useless, burdensome or inconvenient" standard, Appellants argue the standard relates "to the actual use of the road," that is, "who is actually traveling the road and at what frequency, what is the condition of the road, etc." (Appellants' Br. at 31.) Appellants claim that to find otherwise would "lead[] to the absurd, unreasonable conclusion that no road could

---

[6] We address together Appellants' contentions that: (1) evidence concerning the liquid fuel tax money the Township receives based on its ownership of Old Route 322 is irrelevant to the use of the road; (2) evidence that Old Route 322 provides access to the Clarion River is belied by the record, and evidence that the road could be used in the future to provide access to a public park is speculative and should not, therefore, have been considered; and (3) evidence that Old Route 322 is sometimes used as overflow parking for the public constitutes a trespass on Appellants' property and, therefore, should not have been considered.

13

be closed [because] practically all roads generate liquid fuel money for municipalities." (*Id*.)

Next, Appellants maintain that the trial court should have disregarded testimony that was speculative and contradicted. Appellants point out that Corcetti's testimony that Old Route 322 could have future value in providing access to a public park was speculative, and "[s]uch speculative future use cannot serve as a factual basis to determine if [Old Route 322] is useless, burdensome or inconvenient." (*Id*. at 33.) Otherwise, Appellants caution, "practically no road could be closed because any objecting party could claim a speculative future use." (*Id*.) Similarly, Appellants contend that it was improper to rely on the testimony of Blose, Ganoe, and Corcetti that Old Route 322 is a valuable Township asset because it provides access to the Clarion River for the public, as well as emergency vehicles. (*Id*. at 32.) Appellants argue that the record reflects the exact opposite because a "[b]arrier blocks all public access [to the Clarion River], including the Township's access, [] due to the locked gates." (*Id*.) In addition, "because the Township does not have a key to the [b]arrier, [Old Route 322] cannot be used for emergency vehicles . . . ." (*Id*.) Therefore, Appellants also argue that the trial court's reliance on *Zeni* and *Leidy Township* is misplaced as those cases are factually distinguishable because there is no evidence Old Route 322 provides access to any property along it, let alone the only access.

In addition, Appellants contend that the testimony that Old Route 322 is sometimes used as overflow parking for the public should not have been considered because such use constitutes trespass. Appellants rely on *Breinig v. Allegheny County*, 2 A.2d 842, 846 (Pa. 1938), for the proposition that, even after the government acquires a road, the original "abutting owner" maintains certain rights,

14

including the ability to "prevent . . . unlawful uses of the street in front of his premises as amount to private nuisances, such as parking . . . ." (Appellants' Br. at 34.) Appellants argue that parking on or alongside Old Route 322 is trespass and, therefore, it is "improper to find that a road is not useless, burdensome or inconvenient because the road is needed to allow an illegal trespass." (*Id*. at 35.)

The Township responds that it was proper to consider the testimony that the Township receives approximately $830 annually in liquid fuel monies based on its ownership of Old Route 322 "because the concepts of useless, inconvenient or burdensome are not cast in stone." (Township's Br. at 10.) While the Township points out that "most of the reported cases" involve "inquiries concerning the actual uses of roads *qua* transportation[,]" the "statute contains no such limitation." (*Id*.) The Township stresses that "[t]he statute does not command that the road become 'useless for transportation[,]'" but "merely permits abandonment if the road becomes 'useless.'" (*Id*. at 11.)

The Township argues that Appellants' other arguments about the improper consideration of certain testimony "should be rejected as prohibited attempts to invite this Court to weigh evidence on appeal." (*Id*. at 13.) In particular, the Township maintains that Appellants' trespassing argument misconstrues the evidence because "[] [Corcetti] did not testify that cars parked on Appellants' property" but instead "he testified that they parked on [Old Route 322]." (*Id*.) Moreover, according to the Township, Appellants' reliance on *Breinig* is misplaced because that is an eminent domain case while the instant matter involves Appellants' efforts to take the Township's land.

The Township asserts that the Board and trial court "weighed the evidence and concluded Appellants did not meet their burden of proof." (Township's Br. at

15

14.) It maintains that the conclusion of the Board, and trial court, that Old Route 322 was not "useless, inconvenient or burdensome" should be affirmed "because it is based upon substantial evidence, *i.e.*, 'relevant evidence upon which a reasonable mind could base a conclusion.'" (*Id.* at 14 (quoting *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986)).)

After reviewing the relevant precedent and the record, we do not agree that irrelevant evidence was considered or that the Board's findings were based on conflicting or speculative evidence. First, evidence concerning liquid fuel tax money that the Township receives based on its ownership of Old Route 322 is not irrelevant to the use of the road. Appellants have pointed to no precedent that would prevent consideration of a factor such as this one. And, as the Township rightly points out, well-established precedent provides that the "concepts of 'useless,' 'inconvenient,' or 'burdensome' are not cast in stone; they must necessarily draw their meaning from the facts of a particular case." *Zeni*, 451 A.2d at 810. This proposition suggests that a court need not evaluate whether a road has become "useless" using a narrow set of criteria, but may instead broadly consider all relevant factors bearing on a road's ongoing utility.[7] Accordingly, it was not improper to consider testimony regarding liquid fuel tax money that the Township receives by virtue of its ownership of Old Route 322.

In their other challenges to the evidence relied upon by the Board, Appellants essentially challenge the weight the Board gave to the evidence presented to it, which we may not disturb on appeal. *Finney v. Dep't of Transp., Bureau of Driver*

---

[7] While we hold that nothing prevents the consideration of this factor as one of several militating against a finding that a road is "useless, inconvenient or burdensome," we express no opinion as to whether this factor alone would be sufficient to find that a road has not become useless.

*Licensing*, 721 A.2d 420, 423 (Pa. Cmwlth. 1998).  Appellants argue that it was error to rely on:  (1) Corcetti's testimony that Old Route 322 could be used to access a future park; and (2) Blose, Ganoe, and Corcetti's testimony that Old Route 322 is valuable in that it provides public and emergency access to the Clarion River. Appellants maintain that Corcetti's testimony was "speculative" and Blose, Ganoe, and Corcetti's testimony is contradicted by Huwar's testimony that a locked barrier blocks public and emergency access to the Clarion River.  However, the Board chose to give weight to Corcetti's testimony regarding a future park, and it chose to give more weight to Blose, Ganoe, and Corcetti's testimony regarding access to the Clarion River than to Huwar's testimony regarding the barrier that allegedly prevents such access.  We cannot disturb those findings because it is the fact finder that "maintains exclusive province over matters involving the credibility of witnesses and the weight afforded to the evidence."  *City of Philadelphia v. Urban Mkt. Dev., Inc.*, 48 A.3d 520, 524 (Pa. Cmwlth. 2012).  It is beyond purview that the fact finder "may accept or reject the testimony of any witness in whole or in part," and such "credibility determinations cannot be disturbed on appeal."  *Finney*, 721 A.2d at 423.

Based upon the findings that were made, we also cannot conclude the trial court erred in relying upon *Zeni* and *Leidy Township*, as Appellants contend.  In both of those cases, this Court found vacation improper because the roads in question provided, *inter alia*, the **only** access to private properties.  The road in *Zeni* provided "the only road for checking and maintaining leased oil wells," *Zeni*, 451 A.2d at 810, while the road in *Leidy Township* "provide[d] the only means of access to real estate interests of the Army Corps of Engineers and the Commonwealth," *Leidy Township*, 943 A.2d at 373.  Here, according to Huwar's testimony, if Old Route 322 is vacated,

17

Power Company would only be able to access its property by boat. Therefore, as in *Zeni* and *Leidy Township*, Old Route 322 provides the only means of access to the Power Company's property by land. Moreover, the trial court did not err in relying on *Leidy Township* for the additional reason that Old Route 322, like the road in *Leidy Township*, is important for public safety. While Appellants contend there is no evidence that Old Route 322 is important for public safety, this ignores the credited testimony of Blose, Ganoe, and Corcetti that Old Route 322 provides emergency access to the Clarion River. The applicability of *Zeni* and *Leidy Township* is not diminished by evidence that Power Company may be able to access its property by boat if Old Route 322 was vacated. Based on the record and the Board's statement that limiting Power Company's access to its property "by boat would be neither as easy nor convenient as by access by Old Route 322[,]" (Board Report, R.R. at 6a), we conclude that the only **meaningful** access Power Company has to its property is Old Route 322, which is an inference that we draw "logically and reasonably from the evidence." *Dickey v. Unemployment Comp. Bd. of Rev.*, 466 A.2d 1106, 1107 (Pa. Cmwlth. 1983). Thus, the principles of *Zeni* and *Leidy Township* apply here.

Finally, there is nothing in the record indicating that the parking along Old Route 322 that Corcetti testified he witnessed constitutes trespassing. Appellants contend that it was improper to rely on testimony that members of the public sometimes park along Old Route 322, and this parking constitutes a trespass on Appellants' property. "Reasonable minds must agree that it is improper to find that a road is not useless, burdensome or inconvenient because the road is needed to allow an illegal trespass." (Appellants' Br. at 35.) However, trespass is defined as the intentional act of entering onto the land of another without privilege to do so.

*Kopka v. Bell Tel. Co.*, 91 A.2d 232, 235 (Pa. 1952). Appellants have not established that the members of the public that Corcetti observed parking along Old Route 322 intentionally entered upon Appellants' land without the privilege to do so.

Moreover, *Breinig* does not require a different result. That case merely stands for the proposition that Appellants may have rights to prevent unlawful uses of Old Route 322. Here, however, Huwar testified that he "never contacted [the Township] or the State Police to complain about . . . people inappropriately using [Old Route 322]." (Board Report, R.R. at 5a.) Accordingly, it was not improper for the Board to consider Corcetti's testimony that Old Route 322 is occasionally used as overflow parking for the public.

## III. Conclusion

For the foregoing reasons, the finding that Old Route 322 is not "useless, inconvenient or burdensome" is not based on an error of law and is supported by substantial evidence. Accordingly, we affirm the trial court's March 12, 2020 Order.

_____
**RENÉE COHN JUBELIRER,** Judge

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

|  |  |
|---|---|
| In Re:  Vacating of Old Route 322, | : |
| Paint Township, From The Clarion | : |
| River to Intersection of Old Route 322 | : |
| and New Route 322 | : No. 384 C.D. 2020 |
|  | : |
| Appeal of:  Bryan W. Huwar and Terry | : |
| L. Rapp | : |

## **O R D E R**


    **NOW**, March 3, 2021, the March 12, 2020 Order of the Court of Common Pleas of Clarion County is **AFFIRMED**.


_____
**RENÉE COHN JUBELIRER,** Judge